UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|                              |   |                      |
|------------------------------|---|----------------------|
| UNITED STATES OF AMERICA     | : | NO. 1:06-CR-00111    |
|                              | : | 1:12-CV-00443        |
| v.                           | : | **ORDER**            |
| STEVEN E. WARSHAK, et al.    | : |                      |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (docs. 853, 854), the government's Response in opposition (doc. 858), and Petitioner's Reply (859). Also before the Court are Defendant's Supplemental Memorandum and Request for Oral Argument (860, 862), and the government's Response (doc. 861); and Petitioner's pro se Motion for Jail Time Credit (doc. 865), the government's Response (doc. 867), and Petitioner's Reply (doc. 868). For the reasons indicated herein, the Court DENIES Petitioner's Petition, DENIES Petitioner's Request for Oral Argument, and DENIES Petitioner's Motion for Jail Time Credit.

**I. Petitioner's Motions**

    **A. Motion to Vacate (docs. 853, 54)**

Petitioner does not challenge his ten-year prison sentence or his multiple convictions for conspiracy to commit mail, wire & bank fraud, mail fraud, bank fraud, access device fraud,

conspiracy to commit money laundering, money laundering, and conspiracy to obstruct proceedings before the Federal Trade Commission (doc. 853, 54). In the instant motion, however, Petitioner argues the imposed proceeds money judgment of $459,000,000 and the forfeiture of royalties from Fathead, LLC, violate the Eighth Amendment's prohibition against excessive fines (doc. 854). Specifically, Petitioner argues that he has already forfeited all of his assets, some $36 million, and is now bankrupt (Id.). In addition, however, he states he still owes $423,000,000, and he is ordered to forfeit his current and future royalty earnings from Fathead LLC (Id.). The net result, he contends, is that he will be perpetually destitute and bankrupt, unable to pay his bills or to support his family (Id.). In Petitioner's view it is excessive for him to continue to pay for his offenses with every lawful dollar he will ever make going forward (Id.). Although he acknowledges that he raises his claim for the first time on collateral review, he seeks to avoid the procedural bar by alleging that his trial counsel was ineffective for failing to appeal the forfeitures on Eighth Amendment grounds (Id.). Petitioner requests, therefore, that the Court 1) reduce the money judgment forfeitures to the sum of $36 million in assets already forfeited, and 2) rescind its Order forfeiting all of Fathead LLC royalty earnings (Id.).

**B. Petitioner's Supplemental Memorandum (doc. 860)**

In his Supplemental Memorandum, Petitioner invokes Southern Union Company v. United States, 132 S.Ct. 2344 (2012), contending the Court engaged in judicial fact-finding when it set the forfeiture money judgments in this matter, which should have been objected to by his Counsel (doc. 862). As such, Petitioner contends he was deprived of effective assistance of counsel (Id.).

**C. Petitioner's Motion for Jail Time Credit (doc. 865)**

Petitioner asks in this pro se motion for a "liberal interpretation of the broadly termed 'Restrictive Home Monitoring,'" so as to credit him with seven months of credit against his ten-year sentence (docs. 865, 868). Petitioner seeks seven months of credit based on the time-period between his conviction after trial on February 26, 2008 and his self-surrender to prison on September 29, 2008, invoking U.S.S.G. § 5k2.0 and Amendments 752 and 767 to the Sentencing Guidelines (Id.).

**II. The Government's Responses in Opposition**

**A. In Response to the Motion to Vacate**

The government contends first that Petitioner cannot get past the procedural bar to raising his claims for the first time on collateral review, because he cannot show his counsel's alleged deficiency caused him prejudice (doc. 858). Indeed, contends the government, citing case law from four Circuits, the Eighth Amendment does not apply to forfeiture of proceeds like the money

3

judgment entered against Petitioner, because it simply parts the owner from the fruits of criminal activity (Id. citing United States v. Alexander, 32 F.3d 1231, 1236 (8th Cir. 1994), United States v. Betancourt, 422 F.3d 240, 250-51 (5th Cir. 2005), United States v. Real Prop. Located at Santa Barbara Drive, 264 F.3d 860, 875 (9th Cir. 2001), and United States v. Lot 41, Berryhill Farm Estates, 128 F.3d 1386, 1395-96 (10th Cir. 1997)).

However, even if the Eighth Amendment would apply, the government argues the money judgment against Petitioner is not "grossly disproportionate to the gravity of the offense" (Id. quoting United States v. Bajakajian, 524 U.S. 321, 323 (1998)). The government notes that when on appeal before the Sixth Circuit, the appeals court already found "sufficient evidence to conclude that the entirety of Berkeley's revenues are proceeds that resulted, whether directly or indirectly, from unlawful activity" (Id. quoting 631 F.3d 266, 332 (6th Cir. 2010)). The Sixth Circuit rejected the argument that revenues derived from lawful sales of lawful products should not be a part of the forfeiture because the sales all resulted "'directly or indirectly' from a conspiracy to commit fraud" Id. at 333. The Sixth Circuit concluded that "forfeiture of Berkeley's revenues, including money generated through supposedly legitimate transactions, was appropriate." Id. In the government's view the Sixth Circuit's analysis implicitly shows the forfeiture is not excessive.

4

Next, the government notes that this Court has already rejected the identical argument already raised by Defendant's mother, Harriet Warshak, that the proceeds money judgment of $459,540,000 was grossly disproportionate in volation of the Eighth Amendment (doc. 858, citing United States v. Warshak, 2008 WL 2705044 at 5 (S.D. Ohio 2008)). In so doing, the Court found Defendants faced up to $823,463,668 for the mail, wire, and bank fraud charges alone, and another $89,753,563 for money laundering and obstruction. Id. The Court concluded that the proceeds money judgment, far less than the maximum fines, was not disproportional. Id.

Finally, the government contends the Court should reject Defendant's contention that the forfeitures will deprive him of a future ability to earn a living (doc. 858). The government, citing United States v. Smith, 656 F.3d 821, 828-29 (8th Cir. 2011), and United States v. Levesque, 546 F.3d 78 (1st Cir. 2008), contends Petitioner will leave prison at 51 years old, and may legitimately come into money at a later time (Id.).

The government concludes that because in its view neither the proceeds money judgment nor the Fathead substitute asset forfeiture offend the Eighth Amendment, Petitioner has shown no prejudice from his counsel's alleged deficiencies in failing to include such claims in his appeal (Id.). As such, the government contends Petitioner's claims of ineffective assistance of counsel

5

are without merit, and the Court should deny Petitioner's Petition without further hearing.

**B. In Response to the Supplemental Memorandum**

As for Petitioner's Supplemental Memorandum (doc. 860), the government contends <u>Southern Union Company v. United States</u>, 132 S.Ct. 2344 (2012) simply is not on point (doc. 861). In <u>Southern Union Company</u>, the government argues, the Supreme Court held the district court's fact-finding regarding the maximum fine against the defendant corporation did not meet the requirements of the <u>Apprendi</u> rule, that a jury must find facts that increase penalties beyond the statutory maximum (<u>Id</u>.). Here, the government indicates, there was no fact-finding by the Court to increase any penalty over the statutory maximum (<u>Id</u>.). The penalties imposed here were within the statutory ranges, even well below the maximum fines applicable to the convictions (<u>Id</u>.).

**C. In Response to the Request for Jail-Time Credit**

The government indicates that Petitioner was not on home confinement or any movement restrictions, other than travel, during the seven-month period at issue, such that the provisions he invokes provide no basis for the credit he seeks (doc. 867). During such period, the government contends, Petitioner was on bond pending self-surrender, and had no curfew or other restrictions of his activities (<u>Id</u>.). As such the government argues the Court should deny Petitioner's request (<u>Id</u>.).

**III. Discussion**

In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the Supreme Court articulated a two-part test that a defendant must satisfy to establish his counsel's assistance was so deficient as to amount to a constitutional violation requiring reversal of the conviction or sentence. In order to prevail on an ineffective assistance of counsel claim, petitioner must demonstrate: (1) his counsel made such serious errors that he was not functioning as the "counsel" guaranteed by the Sixth Amendment; and (2) his counsel's error prejudiced the result. <u>Strickland</u>, 466 U.S. at 687. Under the first prong of the <u>Strickland</u> test, Petitioner must demonstrate his counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. <u>Id</u>. at 688. Judicial scrutiny of counsel's performance must be highly deferential, and a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight" and to evaluate the challenged conduct from counsel's perspective at the time of the conduct. <u>Id</u>. at 689. In determining whether counsel's performance was deficient, the Court must indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance. <u>Id</u>.

7

Having reviewed these matters, the Court finds the government's position well-taken in all respects. The Court finds no basis for Petitioner's ineffective assistance of counsel claim, as the Sixth Circuit implicitly addressed the reasonableness of the forfeiture proceeds money judgment and the forfeiture of Fathead LLC royalties as a substitute asset. Moreover, Petitioner's counsel engaged in a spirited and meticulous defense of Petitioner during trial and appeal, such that the Court finds his counsel acted within the applicable wide range of reasonable professional assistance. In any event, Petitioner's counsel's failure to raise Eighth Amendment theories, in the Court's view, did not cause Petitioner prejudice by changing the outcome. <u>Strickland v. Washington</u>, 466 U.S. 668 (1984).

Indeed, even if the Petitioner could get past the procedural bar by raising a valid claim of ineffective assistance of counsel, the Court finds well-taken the government's position that the prevailing view is that the Eighth Amendment and the proportionality test do not apply to proceeds of criminal activity. In any event, even if such test would apply, for example to the forfeiture of the Fathead LLC assets, the judgment imposed was well under the statutory maximum for Petitioner's convictions, and therefore was not disproportional. <u>United States v. Aquasvivas-Castillo</u>, 668 F.3d 7, 17 (1st Cir. 2012)(court should consider penalties authorized by legislature in determining whether

forfeiture is grossly disproportional). The Court further agrees with the government that <u>Southern Union Company v. United States</u>, 132 S.Ct. 2344 (2012) provides no basis for the relief Petitioner seeks, as invoked in his Supplemental Memorandum, and finds no need for oral argument on the issue.

Finally, the Court notes the provisions Petitioner invokes in seeking jail-time credit do not provide for relief under the circumstances of this case. The Court appreciates the tone of Petitioner's <u>pro se</u> motion, but unfortunately cannot grant the relief that he seeks.

## IV. Conclusion

Accordingly, for the reasons indicated herein, the Court DENIES Petitioner's Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody (docs. 853, 854), DENIES Defendant's Request for Oral Argument (862), and DENIES Petitioner's <u>pro se</u> Motion for Jail Time Credit (doc. 865).

SO ORDERED.

Dated: April 30, 2013   <u>s/S. Arthur Spiegel</u>
                        S. Arthur Spiegel
                        United States Senior District Judge